**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

COLLEGEY, INC., )
)
Plaintiff, )
)
v. )
) C.A. No. N25C-02-359 CLS
SYED KHALID JAMAL, )
)
Defendant. )

Date Submitted: August 7, 2025
Date Decided: November 6, 2025

*Upon the Defendant's Motion to Dismiss*. **DENIED.**

## <u>ORDER</u>

Joe Yeager, Esquire of MARGOLIS EDELSTEIN, *Attorney for Plaintiff*.

Margaret M. DiBianca, Esquire of DIBIANCA LAW, LLC, *Attorney for Defendant*.

**SCOTT, J.**

Having considered Defendant's Motion to Dismiss,[1] Plaintiff's Opposition to Defendant's Motion to Dismiss,[2] and Defendant's Reply to Plaintiff's Opposition,[3] it appears to the Court that:

1. Collegey, Inc. ("Collegey"), is a Delaware corporation that creates and consolidates collaborative intellectual property.[4] Suchita Ohri Aggarwal is Collegey's Chief Financial Officer and a 50% shareholder.[5] Defendant Syed Khalid Jamal holds the other 50% of Collegey shares and serves as the Chief Executive Officer. Ms. Aggarwal and Mr. Jamal comprise Collegey's board of directors.[6]

2. This matter arises from a contract between Collegey and Mr. Jamal. Collegey and Mr. Jamal entered into a Confidential Information and Invention Assignment Agreement (the "Agreement").[7] Under the Agreement, Mr. Jamal "agreed not to use [Collegey's] confidential information for personal gain or outside purposes without written authorization nor . . . assign . . . intellectual property rights created during the relationship" with Collegey.[8]

---

[1] *See generally* Defendant's Motion to Dismiss the Amended Complaint, D.I. 10 ("MTD").
[2] *See generally* Plaintiff's Opposition to Defendant's Motion to Dismiss, D.I. 13 ("Resp. to MTD").
[3] *See generally* Defendant's Reply to Plaintiff's Opposition, D.I. 15 ("Reply in Opp.").
[4] The facts are drawn from the allegations in the Amended Complaint. *See* Amended Complaint, at ¶¶ 5, 7, D.I. 9 ("Amended Compl.").
[5] *Id.* ¶ 7.
[6] *Id.*
[7] *Id.* ¶ 13.
[8] *Id.* ¶ 15.

3. In 2023, Mr. Jamal allegedly breached the terms of the Agreement by assigning Collegey-owned inventions to, and using Collegey's domain name for, an unrelated company.[9]

4. On February 13, 2025, Collegey filed a complaint alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of the fiduciary duty of loyalty.[10]

5. On May 1, 2025, Mr. Jamal filed a motion to dismiss the case or transfer, arguing that the Court lacked subject matter jurisdiction under Superior Court Civil Rule 12(b)(1).[11]

6. Plaintiff then filed an Amended Complaint on May 28, 2025, which removed the breach of the fiduciary duty of loyalty claim. Accordingly, the Amended Complaint asserts one count for breach of contract and one count for the breach of the implied covenant of good faith and fair dealing.[12]

7. On June 10, 2025, Mr. Jamal filed the instant motion to dismiss the Amended Complaint. Mr. Jamal argues that Collegey fails to state a claim under Rule 12(b)(6) because Ms. Aggarwal, as a director, lacks standing to bring the action on behalf of Collegey. Alternatively, Mr. Jamal's response to Collegey's opposition to his

---

[9] Amended Compl. ¶¶ 32–33.
[10] *See generally* Complaint, D.I. 1 ("Compl.").
[11] *See generally* Defendant's Motion to Dismiss or Transfer, D.I. 7.
[12] Amended Compl. ¶¶ 29–44.

motion to dismiss proffers that the Court lacks subject matter jurisdiction because the Complaint asserts a derivative action. Mr. Jamal also asks the Court to award him attorneys' fees and costs.

8. Upon a motion to dismiss under Superior Court Civil Rule 12(b)(6), the Court (i) accepts all well-pled factual allegations as true, (ii) accepts even vague allegations as well-pled if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[13] The Court does not, however, accept "conclusory allegations that lack specific supporting factual allegations." [14] But "it is appropriate . . . to give the pleader the benefit of all reasonable inferences that can be drawn from the pleading."[15]

9. The Court finds Mr. Jamal's arguments unpersuasive. Standing requires that the plaintiff demonstrate it has sustained an "injury in fact[.]"[16] The Delaware Supreme Court defines injury in fact as "an invasion of a legally protected interest

---

[13] *ET Aggregator, LLC v. PFJE AssetCo Hldgs. LLC*, 2023 WL 8535181, at *6 (Del. Super. Dec. 8, 2023).

[14] *Id*. (quoting *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998)).

[15] *TrueBlue Inc. v. Leeds Equity Partners IV, LP*, 2015 WL 5968726, at *2 (Del. Super. Sept. 25, 2015) (quotation omitted).

[16] *Dover Hist. Soc'y v. City of Dover Planning Comm'n.*, 838 A.2d 1103, 1110 (Del. 2003).

which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."[17]

10. The Amended Complaint demonstrates that Collegey suffered an injury in fact. The Court of Chancery has concluded that "an entity has standing to sue if it has an interest in the confidential information."[18] The Amended Complaint alleges that the Agreement granted Collegey a legal interest in the confidentiality and assignment of the corporation's intellectual property. According to the Amended Complaint, Mr. Jamal and Collegey were parties to the Agreement, and Mr. Jamal invaded Collegey's interest by breaching the contract.

11. Consequently, Mr. Jamal's Rule 12(b)(6) argument is inapplicable here because Ms. Aggarwal is not bringing a suit on behalf of Collegey. Additionally, her status as a shareholder, director, and Chief Financial Officer is unrelated to Collegey's injury. On the contrary, Collegey is bringing the suit on its own behalf to enforce its contractual rights and obligations as a party to the Agreement. Ms. Aggarwal is not a named party to the Agreement nor this cause of action. Therefore, it is not possible for Ms. Aggarwal to lack standing.

12. Next, the Court has subject matter jurisdiction over this action. As a preliminary matter, this case is not a derivative action because, as discussed above,

---

[17] *Dover Hist. Soc'y*, 838 A.2d at 1110 (citations omitted) (internal quotations marks omitted).
[18] *Metro Storage Int'l, LLC v. Harron*, 275 A.3d 810, 869 (Del. Ch. 2022) (citing *AlixPartners, LLP v. Mori*, 2019 WL 6327325, at *9 (Del. Ch. Nov. 26, 2019)).

Ms. Aggarwal is not a party to the suit, so she is not bringing this action on behalf of Collegey in her capacity as a shareholder.[19]  Further, the Court of Chancery is a court of equity—i.e., "[i]t does not have jurisdiction over a controversy unless the plaintiff lacks an adequate remedy at law."[20]  Conversely, this Court provides legal relief.[21]

13. Collegey has an adequate remedy at law because the Complaint seeks monetary relief for a breach of contract claim;  no equitable relief is sought.  Thus, the Court rejects Mr. Jamal's argument that the Court lacks subject matter jurisdiction over the action.

14. Having found that Mr. Jamal's motion to dismiss lacks merit, his motion for attorneys' fees and costs is moot.

15. In conclusion, for the foregoing reasons, Defendant's Motion to Dismiss the Amended Complaint is **DENIED**.

   **IT IS SO ORDERED.**


                                              */s/ Calvin Scott*
                                              Judge Calvin L. Scott, Jr.

---

[19] *See Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1036 (Del. 2004).
[20] *El Paso Nat. Gas Co. v. TransAmerican Nat. Gas Corp.*, 669 A.2d 36, 39 (citing *Glanding v. Indus. Trust Co.*, 45 A.2d 553, 559 (Del. 1945);  *Tull v. Turke*, 147 A.2d 658, 664 (Del. Ch. 1958);  10 *Del. C.* § 342).
[21] *Workman v. Astronaut Topco, L.P.*, 2025 WL 2506027, at *4 (Del. Super. Sept. 2, 2025).